**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **DANA E. YOUNG, SR.,** : | |
| : | |
| Petitioner : | |
| : | |
| vs. : | NO. 3:CV-07-838 |
| : | (JUDGE KOSIK) |
| **EDWARD KLEM, SUPERINTENDENT,** : | |
| **SCI MAHANOY; COMMONWEALTH** : | |
| **OF PENNSYLVANIA; PENNSYLVANIA** : | |
| **BOARD OF PROBATION AND PAROLE;** : | |
| **ATTORNEY GENERAL OF THE** : | |
| **STATE OF PENNSYLVANIA,** : | |
| : | |
| Respondents : | |

## MEMORANDUM

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner challenges the actions of the Pennsylvania Board of Probation and Parole in denying his request for parole. For the reasons which follow, the petition for writ of habeas corpus will be **DISMISSED**.

### Background

Petitioner, Dana E. Young, Sr., a prisoner confined at S.C.I. Mahanoy, Frackville, Pennsylvania, filed the instant petition for writ of habeas corpus on May 8, 2007. Named as respondents were Edward Klem, Superintendent at S.C.I. Mahanoy, Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, and the Attorney General of the State of Pennsylvania. In his petition, petitioner challenges the denial of his parole asserting that the Board of Probation and Parole impermissibly applied 1996 amended

policies and guidelines to his parole application in violation of the Ex Post Facto Clause of the United States Constitution. On May 14, 2007, the court granted petitioner's motion to proceed in forma pauperis.

In his petition, petitioner states that he is currently serving a sentence of twenty-one to forty-two years imprisonment imposed by the Court of Common Pleas of Lehigh County as a result of his convictions for kidnapping, indecent assault and indecent exposure, rape and related charges.[1] The petitioner's sentence has a maximum term expiration date of April 6, 2024 and a minimum term expiration date of April 6, 2004, which became effective April 6, 1983.[2] The petitioner asserts that he has successfully completed several programs while incarcerated. The petitioner states that he has served the minimum term of his sentence, twenty-one years, and that he became eligible for parole on April 6, 2004.

Petitioner states that on February 5, 1986, a Department of Corrections (DOC) Prescriptive Program Plan was developed recommending petitioner remain free of misconducts, maintain positive work and housing reports, involve himself in Stress and Anger Management, Sex Offender Counseling, and work on a GED. Petitioner asserts that he obtained his GED on April 4, 1986. Petitioner contends that he continued his education by obtaining an Associate Degree in Business Administration through an in-house

---

[1] We note that the recitation of facts is taken from the petition for writ of habeas corpus.

[2] A review of the petition shows that it was on this date that petitioner was arrested.

college program from Saint Francis College on October 12, 1990. Petitioner further asserts that on October 22, 1991, he completed a Stress and Anger Management program.  Petitioner also asserts that he received certification as a Real Estate Appraiser from the National College of Appraisal and Property Management. On March 1, 1993, Petitioner states that he received certification as a Legal Assistant-Paralegal, from the Blackstone School of Law.  On August 25, 1993, Petitioner asserts that he completed group counseling for sex offenders.  While incarcerated at SCI Huntington, Petitioner states that he maintained gainful employment having worked as a Block Clerk from 1986-1990, and as Clerk in the Correctional Industries, Registration Sticker Plant from 1990-1994.[3]

On March 9, 1994, petitioner was transferred to the State Correctional Institution Mahanoy.  On September 24, 1994, another DOC Prescriptive Program Plan was developed wherein it was recommended that petitioner maintain positive block reports, and remain misconduct free.  Petitioner asserts that his January 19, 1995 DOC Prescriptive Program Plan reveals compliance with all requirements for recommendation for parole.  At SCI - Mahanoy, petitioner continued his pattern of gainful employment as a teacher aide in the Business Education Program from 1994-1998, and block worker from 1999 to the present. Petitioner asserts that in the past twelve years of incarceration, he has received four minor misconducts.

---

[3] Petitioner attaches documents in support of his assertions to his petition. (*See*, Exhibits B-G).

On February 10, 2004, the Pennsylvania Board of Probation and Parole denied petitioner's application for parole. Petitioner sought review in the state system. Petitioner also filed a petition for writ of habeas corpus in this court. In a Memorandum and Order dated November 28, 2005, this Court dismissed petitioner's petition for failure to exhaust state court remedies. On April 13, 2006, the Court of Appeals denied petitioner's application for a certificate of appealability.

Petitioner filed a second application for parole. By decision recorded January 23, 2006, the Pennsylvania Board of Probation and Parole again denied petitioner's application for parole. On March 13, 2006, petitioner sought reconsideration of this denial of parole from the Parole Board. By response dated March 23, 2006, the Board conveyed that the case would be reviewed according to the information on the green sheet. On August 24, 2006, petitioner sought Mandamus review of the Board's January 23, 2006 decision by the Commonwealth Court. The Commonwealth Court dismissed petitioner's Mandamus petition on October 17, 2006. Petitioner sought a Petition for Allowance of Appeal in the Pennsylvania Supreme Court, which was denied by Order dated April 13, 2007.

Petitioner filed the instant petition for writ of habeas corpus on May 8, 2007. Respondent's answer to the petition was filed on June 4, 2007. Petitioner's traverse to the answer was filed on July 5, 2007.

### Discussion

In his petition, petitioner argues that the Parole Board retroactively applied newly amended parole laws and guidelines to deny petitioner parole in violation of the Ex Post Facto Clause

of the United States Constitution. Specifically, petitioner argues that under the parole statute in effect at the time he was convicted, the focus was on rehabilitation and reintegration. He further argues that in 1996, the Pennsylvania legislature amended the parole statute, removed the rehabilitation and reintegration focus, and replaced that focus on the nature of the offense and protecting the public.[4]

---

[4] As petitioner indicates, in 1996, the Pennsylvania legislature amended the parole policy statute, 61 P.S. § 331.1. At the time of petitioner's conviction, the applicable parole statute read as follows:

> The value of parole as a disciplinary and corrective influence and process is hereby recognized, and it is declared to be the public policy of this Commonwealth that persons subject or sentenced to imprisonment for crime shall, on release therefrom, be subjected to a period of parole during which their rehabilitation, adjustment and restoration to social and economic life and activities shall be aided and facilitated by guidance and supervision under a competent and efficient parole administration, and to that end it is the intent of this Act to create a uniform and exclusive system for the administration of parole in this Commonwealth.

Act of August 6, 1941, PL. 861, § 1.

In 1996, the relevant statute was amended and provides:

> The parole system provides several benefits to the criminal justice system, including the provision of adequate supervision of the offender while protecting the public, the opportunity for the offender to become a useful member of society and the diversion of appropriate offenders from prison.
>
> In providing these benefits to the criminal justice system, the Board shall first and foremost seek to protect the safety of the

Petitioner argues that in a 1991 50th Annual Report, the Board reported that about 80% of inmates were granted parole at the initial review.  By the first quarter of 1996, the release date on prisoners minimum date dropped from 80% to 29%.  Petitioner states that as a result of these changes, he finds himself ineligible for parole simply because the rules have changed, and the application of more onerous parole standards constitutes a change in punishment, and one that has disadvantaged petitioner in violation of the constitutional prohibition on ex post facto laws.

In comparing the guidelines, petitioner argues that the use of the new guidelines made him presumptively ineligible for parole, whereas use of the old guidelines, in all likelihood, would have made him presumptively eligible for parole.  Specifically, petitioner asserts that "under the new guidelines, a score of seven or more points makes a prisoner similar to petitioner presumptively ineligible for parole because of being convicted of a violent crime automatically will receive five points based solely on the nature of the crime." Under the old guidelines, petitioner argues that he "would have needed three or more unfavorable points to be presumptively ineligible for parole and a violent offender received only two automatic negative points."  Petitioner asserts that he has suffered continued incarceration because of the retrospective

---

> public.  In addition to this goal, the Board
> shall address input by crime victims and
> assist in the fair administration of justice
> by ensuring the custody, control, and
> treatment of paroled offenders.

61 P.S. § 331.1.

application of new laws and policies designed to make parole more difficult for those convicted of violent offenses.

In their answer to the petition for writ of habeas corpus, respondents state that petitioner was reinterviewed by the Parole Board for parole on January 4, 2006. On January 23, 2006, the Parole Board issued its decision to deny petitioner parole citing his minimalization or denial of the nature and circumstances of the offenses committed, his refusal to accept responsibility for those offenses and his unacceptable compliance with prescribed programs. Respondents also point out that petitioner received a recommendation against his parole from the DOC.

Respondents argue that petitioner failed to show that the 1996 amendments to the parole statute were applied in his case or that, even if the 1996 amendments were applied, that the retroactive application to him created a real risk of increasing the measure of his punishment or negatively impacted his chance of parole. The respondents also argue that the instant petition should be dismissed because the Commonwealth Court decision in petitioner's action was not contrary to law established by the Supreme Court, nor was it an unreasonable application of established Supreme Court precedent.

Petitioner filed a traverse to respondent's answer on July 5, 2007. In the traverse, petitioner addresses each of the assertions set forth by respondents.

In considering the instant petition, petitioner's claim is premised upon the assertion that the Parole Board applied 1996

amendments to the parole statute to deny him parole in violation of the Ex Post Facto Clause.  Petitioner argues that because his conviction occurred in 1983, the statute that was in effect at that time should be applied.  Petitioner argues that the amended statute, when applied to his case, makes parole more difficult for those convicted of violent offenses.

One of the cases petitioner relies upon in stating his claim is the Third Circuit Court of Appeals holding in Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003) that the Parole Board had impermissibly given retrospective application to the amendments. In Mickens-Thomas, the court addressed a habeas petition filed by a prisoner whose life sentence had been commuted to a term of years with parole eligibility.  The petitioner claimed that he was entitled to review under the standards in place at the time of conviction, and that the Parole Board should not apply the legislative change in policy reflected by the 1996 amendments.  The Third Circuit, reasoning that "[a]n adverse change in one's prospects for release disadvantages a prisoner just as surely as an upward change in the minimum duration of sentence," Id. at 392, held that to retroactively apply changes in the parole laws that adversely impacted the likelihood of parole violates the Ex Post Facto clause.

The Third Circuit later clarified its holding in Mickens-Thomas. In Richardson v. Pennsylvania Bd. of Probation and Parole, 423 F.3d 282 (3d Cir. 2005), another case cited by petitioner, the Court explained that an inmate must show more than application of

the 1996 amended statute in considering whether to parole an inmate whose conviction preceded the amendment to the statute, the inmate must show actual disadvantage by the retroactive application of the changed law.  The Court in Richardson, 423 F.3d at 287-288 held that "[t]o violate the Ex Post Facto Clause, a retroactive change in the law or policy must create a 'sufficient risk of increasing the measure of punishment attached to the covered crimes'; 'a speculative and attenuated possibility of . . . increasing the measure of punishment' is not enough."

In Taylor v. Pennsylvania Bd. of Probation and Parole, 181 Fed. Appx. 253 (3d Cir. 2006), the Third Circuit held that an Ex Post Facto violation was not shown merely by the fact that the Parole Board had referred to the amended statute.  The Court rejected the contention that the retroactive application of the 1996 amendments is a per se violation of the Ex Post Facto Clause. The Court stated that a petitioner must present some evidence that the new law disadvantaged him, explaining:

> The mere intuition that stricter standards are more likely to lead to an adverse result is insufficient.  Rather, Taylor must provide such evidence as indications that he would have been a good candidate for parole under the old law, comparisons of parole rates for prisoners with similar convictions before and after the 1996 amendments, and the extent to which the reasons given for denying him parole would not have been considered before 1996. *Id.* at 254-255.

Also, in Shaffer v. Meyers, 163 Fed.Appx. 111 (3d Cir. 2006), a case similar to the instant case, petitioner had been convicted of a sexual assault in 1990.  In denying him release on parole in

2004, the Parole Board cited several reasons for the denial. In affirming the rejection of the Ex Post Facto claim, the Court of Appeals explained:

> With regard to the Ex Post Facto Clause, we emphasize that there are two prongs to a successful claim: Shaffer must show not only that there has been a change in law or policy which has been given retrospective effect but also that its retrospective application to him created a real risk of increasing the measure of his punishment. Richardson v. Pennsylvania Board of Prob. and Parole, 423 F.3d 282, 288 (3d Cir. 2005).
>
> In setting forth his claim, Shaffer reads Mickens-Thomas too broadly, at times appearing to interpret that decision as holding that any retroactive application of the amended parole statute violates the Ex Post Facto Clause. However, Mickens-Thomas prevailed because he clearly satisfied both prongs. In his case, the Board had relied solely on public safety in denying parole and disregarded the parole guidelines, the unanimous recommendations of the Department of Corrections, and evidence of his rehabilitation. Moreover, Mickens-Thomas had presented convincing evidence that he had a significant likelihood of parole under the pre-1996 guidelines and had shown that all prisoner's in his situation (prisoners whose life sentences had been commuted before 1996) had been subsequently paroled. As we noted in Richardson, 423 F.3d at 293, "Mickens-Thomas may be an exceptional case because of the compelling nature of the evidence of prejudice."
>
> Although we do not require a petitioner to provide evidence which is compelling to the same degree, "our precedents require that a petitioner proffer at least some evidence of disadvantage to warrant habeas relief." Id. Shaffer has not done so. Indeed, it is not even clear that he has met the first prong of the analysis, i.e., shown that the Board used new standards, retroactively applied, in denying him parole. Prima facie it does not seem likely that the criteria cited by the Board in Shaffer's case – participation in a

-10-

>       treatment program for sex offenders, the
>       recommendation of the Department of
>       Corrections, Shaffer's conduct record and
>       whether he completed any prescribed programs –
>       would not have been considered by the Board
>       pre-amendment, and Shaffer cites no evidence
>       to persuade us otherwise. But even if we
>       assume that the Board would have used
>       different criteria pre-amendment, Shaffer has
>       not provided adequate reasons to support the
>       contention that application of those criteria
>       would likely have resulted in his release on
>       parole.

Id. at 113-14.

In the instant petitioner's case, the Parole Board stated that it was denying parole based upon:

> "Your minimization/denial of the nature and
> circumstances of the offense(s) committed,
> your refusal to accept responsibility for the
> offense(s) committed, and your unacceptable
> compliance with prescribed institutional
> programs."[5]

While petitioner argues in his petition that because of the changes in the parole statute, he is now presumptively ineligible for parole, whereas under the old guidelines, in all likelihood, he would have been presumptively eligible for parole, petitioner has not presented any evidence supporting an inference that he has been disadvantaged in some way by consideration of the 1996 amendments to Pennsylvania's parole law. While petitioner asserts that under the prior parole law his release would be secured, he has not shown that he would have been a good candidate for parole under criteria in effect before 1996. Petitioner has made no statistical showing

---

[5] In the answer to the petition, respondents also indicate that petitioner earned a recommendation against his parole from the DOC.

that inmates convicted of kidnapping, indecent assault and indecent exposure, rape and related charges were more likely to be paroled before the 1996 change to the legislation.  While petitioner raises some general parole statistics, there is no showing of individual disadvantage in this case.  Because we find that petitioner has not shown that he was personally disadvantaged by the use of the 1996 guidelines, we find that petitioner is not entitled to relief on his Ex Post Facto claim.  An appropriate Order will be entered.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

```
DANA E. YOUNG, SR.,                :
                                   :
          Petitioner               :
                                   :
     vs.                           :    NO. 3:CV-07-838
                                   :    (JUDGE KOSIK)
EDWARD KLEM, SUPERINTENDENT,       :
SCI MAHANOY; COMMONWEALTH          :
OF PENNSYLVANIA; PENNSYLVANIA      :
BOARD OF PROBATION AND PAROLE;     :
ATTORNEY GENERAL OF THE            :
STATE OF PENNSYLVANIA,             :
                                   :
          Respondents              :
```

## ORDER

**NOW, THIS 3rd DAY OF MARCH, 2008, IT IS HEREBY ORDERED THAT:**

(1) The petition for writ of habeas corpus is **DISMISSED.**

(2) The Clerk of Court is directed to **CLOSE** this case; and

(3) Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

*s/Edwin M. Kosik*
United States District Judge